| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT ELIADES & RAVIN LLC<br>80 Route 4 East, Suite 290<br>Paramus, NJ  07652<br>(201) 845-1000<br>Special Counsel for Debtor<br>Erin J. Kennedy (EK-9227) | |
| In Re:<br><br>BAYONNE MEDICAL CENTER,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 07-15195 (MS) |
| BAYONNE MEDICAL CENTER,<br><br>                    Plaintiff,<br>v.<br><br>PETER WONG, MD,<br><br>                    Defendant. | Adv. Pro. No. 09- |

**COMPLAINT TO AVOID AND RECOVER
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**

Bayonne Medical Center ("Debtor" or "Plaintiff"), the plaintiff in the captioned adversary proceeding, through its attorneys, Forman Holt Eliades & Ravin LLC, by way of complaint against Peter Wong, MD (the "Defendant") alleges that:

## BACKGROUND

1. The Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") on April 16, 2007 (the "Petition Date").

2. On April 9, 2009, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order confirming the Debtor's amended joint plan of liquidation (the "Plan").

3. The Defendant is a business entity having a last known address at 601 Pavonia Ave., Suite 301, Jersey City, New Jersey 07306-2907 which sold to the Debtor certain goods or services more particularly described herein, at various times prior to the Petition Date.

## JURISDICTION

4. This adversary proceeding arises in Case No. 07-15195 (MS) now pending before the Court and is authorized under the Plan.

5. This adversary proceeding arises under Sections 547 and 550 of the Bankruptcy Code.

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157(b) and other applicable provisions of federal law.

7. This adversary proceeding is a core proceeding as that term is defined in 28 U.S.C. §157(b).

8. Venue of this adversary proceeding in this district is proper under 28 U.S.C. §1409.

## COUNT I

### AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS

9. The Plaintiff repeats the allegations of the foregoing paragraphs of this complaint as if fully set forth herein.

10. The Defendant was a creditor of the Debtor at all relevant times.

11. Within the 90 day period prior to the Petition Date, Debtor issued credits, returns of inventory and wire transfers and paid certain checks (collectively the "Transfers") to the Defendant in payment for certain of Defendant's invoices.

12. During the 90 day period prior to the Petition Date, the Defendant received a total of $46,879, and such other transfers that may be unknown to the Plaintiff, which payments constituted transfers of Debtor's property.

13. The Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendant before the Transfers were made.

14. The Debtor was insolvent at the time the Transfers were made.

15. The Transfers enabled the Defendant to receive more than it would have received if a) the estate of the Debtor was liquidated under Chapter 7 of Title 11 of the United States Code, b) the Transfers had not been made, and c) the Defendant or any other creditor for whose benefit the Transfers were made received payment of the antecedent debt owed to it by the Debtor to the extent provided by the provisions of Title 11 of the United States Code.

16. The Transfers are avoidable preferential transfers within the meaning of Section 547(b) of the Bankruptcy Code.

17. The Plaintiff is entitled to recover the total amount of the Transfers from the Defendant, as the initial transferee, pursuant to Section 550 of the Bankruptcy Code.

WHEREFORE, the Plaintiff demands judgment against the Defendant for the avoidance and recovery of the Transfers pursuant to Sections 547 and 550 of the Bankruptcy Code, for entry of a judgment directing the Defendant to immediately pay to the Plaintiff the sums owed, for interest and costs of suit, and for such further relief as the court may allow.

        FORMAN HOLT ELIADES & RAVIN LLC
        Special Counsel for Debtor

By:    */s/ Erin J. Kennedy*
      Erin J. Kennedy (EK-9227)

DATED: April 14, 2009

M:\CMF\BAYONNE MEDICAL CENTER\PREFERENCES\VISION MEDIA\Complaint.doc